UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JAYME FILLOON, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: 6:20-CV-0339 |
| | ) |
| v. | ) |
| | ) |
| HOTELS.COM, L.P., | ) |
| | ) |
| and | ) |
| | ) |
| HOTWIRE MISSOURI, INC., | ) |
| | ) |
| Defendants. | ) |

## JOINT NOTICE OF REMOVAL

TO: UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

COME NOW, Defendants Hotels.com, L.P. ("Hotels.com") and Hotwire Missouri, Inc. ("Hotwire")(hereinafter jointly referred to as "Defendants"), by and through their undersigned counsel, and hereby file their Joint Notice of Removal of this action from the Circuit Court of Greene County, Missouri, to the United States District Court for the Western District of Missouri, Southern Division. In support thereof, Defendants respectfully state to this Honorable Court as follows:

**A.    The Circuit Court Action**

1.    On September 16, 2020, Plaintiff Jayme Filloon ("Plaintiff") filed a Petition in the Circuit Court of Greene County, Missouri, entitled *Jayme Filloon v. Hotels.com, L.P. and Hotwire Missouri, Inc.,* Case No. 2031-CC01129 (the "Lawsuit") against Defendants Hotels.com, L.P. and Hotwire Missouri, Inc.

2. The Lawsuit is a civil action alleging discrimination based on Plaintiff's sex and pregnancy in violation of the Missouri Human Rights Act, Chapter 213 R.S.Mo., *et seq.*

3. On September 25, 2020 Plaintiff Jayme Filloon served her Summons and Petition upon Hotels.com's and Hotwire's Registered Agent, National Registered Agents, Inc. (Exhibit 1)

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served on Defendants in the lawsuit are attached as Exhibit 1.

**B.** **Jurisdiction**

5. As discussed below, this is a civil action over which this Court has original jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1).

**C.** **The Parties are Citizens of Different States**

6. Plaintiff is a citizen of the State of Missouri (Petition, ¶ 1).

7. Defendant Hotels.com, L.P. is a foreign Limited Partnership registered in the State of Missouri (Petition, ¶ 2).

8. Under 28 U.S.C. 1332, the citizenship of a Limited Partnership is the citizenship of each general and limited partner. *Barclay Square Props v. Midwest Fed. Sav. and Loan Assn. of Minneapolis*, 893 F. 2d 968, 969 (8th Cir. 1990)

9. The only general partner for Hotels.com is HRN 99 Holdings, L.L.C., a limited liability company incorporated in the State of New York and a wholly owned subsidiary of Expedia, Inc., which is incorporated and has its principal place of business in the State of Washington. (Exhibit 2, Declaration of Michael S. Marron)

10. The only limited partner for Hotels.com is Hotels.com GP, L.L.C., a limited liability company incorporated in the State of Texas. Hotels.com GP, L.L.C. is a wholly owned subsidiary of Expedia, Inc. (Exhibit 2, Declaration of Michael S. Marron)

11. Under 28 U.S.C. § 1332(c), for purposes of determining diversity of citizenship, a corporation is deemed to be a citizen of the State where it is incorporated and where it has its principal place of business.

12. Hotwire, Inc., a Delaware corporation with its principal place of business in California, uses the name Hotwire Missouri, Inc. in Missouri. (Exhibit 2, Declaration of Michael S. Marron; Exhibit 3, State of Missouri Certificate of Authority).

13. Plaintiff and Defendants are each citizens of different states.

**D.** **Amount in Controversy Exceeds $75,000.00**

14. Although Plaintiff does not allege a specific amount of damages for the alleged violations of the MHRA, the amount in controversy plainly exceeds $75,000.00, exclusive of interest and costs.

15. The standard for determining whether a Plaintiff's claim satisfies the jurisdictional threshold is "whether the fact finder might legally conclude" that a plaintiff's damages are greater than $75,000.00. *Quinn v. Kimble*, 228 F.Supp.2d 1038, 1040 (E.D.)(internal quotations omitted).

16. Plaintiff alleges she applied for an internally posted position for Manager 1 Financial Operations in or around January 2019 (Petition, ¶ 8) and states in her Charge of Discrimination (Exhibit 4, Exhibit A to Petition) that the position was filled at the end of March 2019.

17. Plaintiff's Petition alleges she was discriminated against on the basis of sex and pregnancy under the MHRA when she was not selected for the position.

18. Plaintiff seeks to be made whole for loss of income, including back pay, wage increases and reimbursement of any lost fringe benefits, social security contributions and front pay. By the time of trial in Fall 2021, Plaintiff's claims for lost income, fringe benefits and social security contributions would increase by another year.

19. Plaintiff also seeks compensatory damages for physical and mental pain, anguish and distress. Compensatory damages (including emotional distress) have been awarded in cases under the MHRA in excess of $75,000.00 in cases where the claim was garden variety emotional distress and the plaintiff did not use an expert witness or treating healthcare professional. See, e.g. *Lin v. Washington Univ., et al.*, 1422-CC09377 (St. Louis City Circuit Court, August 25, 2017)($269,000.00 judgment entered in jury verdict for actual damages).

20. Plaintiff also seeks punitive damages under the MHRA alleging Defendants' actions were intentional, willful and calculated toward Plaintiff. Punitive damages have also been awarded under the MHRA in amounts in excess of $75,000.00. See, *Lin v. Washington Univ., et al.*, 1422-CC09377 (St. Louis City Circuit Court, August 25, 2017)($500,000.00 punitive damage judgment entered in jury verdict).

21. Additionally, Plaintiff seeks reasonable attorney's fees which if Plaintiff prevails on any claims at trial are provided under the same statute and in numerous employment cases where fees were awarded certainly exceeded $75,000.00 in and of themselves. *Lin v. Washington Univ., et al.*, 1422-CC09377 (St. Louis City Circuit Court, August 25, 2017)(attorneys' fees in the amount of $319,635.00 entered by trial court).

22. In the instant case, the amount in controversy is further demonstrated by Plaintiff's settlement demand of $95,000.00 on October 16, 2020. (Exhibit 5, Affidavit of Robert D. Younger.)

23. Accordingly, while Plaintiff's Petition filed in the lawsuit did not allege specific monetary damages, considering Plaintiff's potential claims for lost income, benefits, social security contributions and front pay, physical and mental pain, anguish and distress, punitive damages and attorneys' fees, the Court might legally conclude that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

E. **The Remaining Requirements for Removal have been Satisfied**

24. This Court has original diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) because (1) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states inasmuch as Plaintiff is a citizen of the State of Missouri, Defendant Hotwire Missouri, Inc. is a Delaware corporation with its principal place of business in California and Defendant Hotels.com, L.P. is a limited partnership whose partners are citizens of states other than Missouri, as stated above.

25. Removal of this action to this Court is therefore proper pursuant to 28 U.S.C. § 1441(b).

26. This Joint Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of the Service of the Petition on Defendants.

27. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff was employed by Defendant Hotels.com, L.P. in this Judicial District and a substantial part of the alleged events giving rise to Plaintiff's claims are alleged to have occurred while Plaintiff was employed in this Judicial District.

28. Pursuant to 28 U.S.C. § 1446(b), Defendants have served a copy of this Joint Notice of Removal upon Plaintiff's counsel of record by e-mailing and depositing said Joint Notice of Removal in the U.S. Mail addressed to Plaintiff's counsel of record.

29. Pursuant to 28 U.S.C. § 1446(d), Defendants have filed a copy of this Joint Notice of Removal with the Clerk of the Circuit Court of Greene County, Missouri, by electronic filing.

30. Defendants have paid the requisite fees attendant to the filing of said Joint Notice of Removal.

WHEREFORE, Defendants respectfully request that the above-titled action now pending against then in the Circuit Court of Greene County, Missouri, be removed therefrom to this Court.

Dated: October 26, 2020

Respectfully submitted,

McMAHON BERGER P.C.

*/s/ Robert D. Younger*
Robert D. Younger, #42909
Thomas O. McCarthy, #22636
2730 North Ballas Road, Suite 200
St. Louis, MO 63131-3039
(314) 567-7350 – Telephone
(314) 567-5968 – Facsimile
younger@mcmahonberger.com
mccarthy@mcmahonberger.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

   I certify that on October 26, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Missouri by using the CM/ECF system and that a copy of the foregoing was served via first class mail, postage prepaid, upon the following:

Jerry M. (Jay) Kirksey
Kirksey Law Firm, LLC
711 S. Albany Avenue
Bolivar, Missouri 65613-2619

*Attorneys for Plaintiff*

                   */s/ Robert D. Younger*