# NATIONAL REGISTERED AGENTS, INC.
## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: Anna Gaskill
Expedia Incorporated
1111 EXPEDIA GROUP WAY W.
SEATTLE, WA 98119

SOP Transmittal # **538299513**

314-863-5545 - Telephone

Entity Served: HOTELS.COM, L.P. (Domestic State: TEXAS) (Served as HOTELS.COM, LP and HOTWIRE MISSOURI, Inc., DFTS. Name discrepancy noted.)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of MISSOURI on this 25 day of September, 2020. The following is a summary of the document(s) received:

1. **Title of Action:** JAYME FILLOON, PLTF. vs. HOTELS.COM, LP and HOTWIRE MISSOURI, Inc., DFTS.
2. **Document(s) Served:** Other: -
3. **Court of Jurisdiction/Case Number:** None Specified
   Case # 2031CC01129
4. **Amount Claimed, if any:** N/A
5. **Method of Service:**

   _X_ Personally served by:   _X_ Process Server   ___ Law Enforcement   ___ Deputy Sheriff   ___ U. S Marshall
   ___ Delivered Via:          ___ Certified Mail   ___ Regular Mail       ___ Facsimile
   ___ Other (Explain):

6. **Date and Time of Receipt:** 09/25/2020 08:51:00 AM CST
7. **Appearance/Answer Date:** None Specified
8. **Received From:** None Specified
9. **Carrier Airbill #** 1ZY041160194445152
10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via UPS Next Day Air
Image SOP
Email Notification, Anna Gaskill AGASKILL@EXPEDIA.COM
Email Notification, Dan Zariski DZARISKI@EXPEDIA.COM
Email Notification, Darcy Shearer DSHEARER@EXPEDIA.COM
Email Notification, Michelle Velasquez mvelasquez@hotels.com
Email Notification, Sibel Abreu sabreu@expedia.com
Email Notification, Carolynn Howsley CHOWSLEY@EXPEDIA.COM
Email Notification, Katie Sluss ksluss@expedia.com
Email Notification, Charles Ha chaha@expediagroup.com

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL



EXHIBIT 1

# NATIONAL REGISTERED AGENTS, INC.
## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: Anna Gaskill
Expedia Incorporated
1111 EXPEDIA GROUP WAY W.
SEATTLE, WA 98119

SOP Transmittal # **538299513**

314-863-5545 - Telephone

Entity Served: HOTELS.COM, L.P. (Domestic State: TEXAS) (Served as HOTELS.COM, LP and HOTWIRE MISSOURI, Inc., DFTS. Name discrepancy noted.)

**NATIONAL REGISTERED AGENTS, INC.**          CopiesTo:

Transmitted by   James Wright

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

 

Service

# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>JASON R BROWN | Case Number: 2031-CC01129 |
|---|---|
| Plaintiff/Petitioner:<br>JAYME FILLOON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JERRY MICHAEL KIRKSEY<br>711 S ALBANY AVE<br>BOLIVAR, MO 65613 |
| Defendant/Respondent:<br>HOTELS.COM LP | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: HOTELS.COM LP
Alias:

R/A: NATIONAL REGISTERED AGENTS INC
120 S CENTRAL AVE
CLAYTON, MO 63105

**COURT SEAL OF**

**GREENE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____09/16/2020_____      _____/s/ Thomas R. Barr by JJ_____
Date                                            Clerk

Further Information:

### Sheriff's or Server's Return
Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____        _____
                                    Date                    Notary Public

**Sheriff's Fees, if applicable**
Summons        $_____
Non Est        $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $____10.00____
Mileage        $_____ (_____ miles @ $_____ per mile)
Total        $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-2094    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:20-cv-03339-RK   Document 1-1   Filed 10/26/20   Page 3 of 12

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| JAYME FILLOON, | § |
| Plaintiff, | § § § |
| vs. | § Case No. |
| HOTELS.COM, LP, | § § |
| and | § § |
| HOTWIRE MISSOURI, Inc. | § § |
| <u>Both May be served at:</u><br>National Registered Agents, Inc.<br>120 S. Central Avenue<br>Clayton, MO 63105, | § § § § § |
| Defendants. | § § |

## PETITION

**COMES NOW** Plaintiff, by and through counsel, and for her Petition, states as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is citizen of the state of Missouri and the United States of America.

2. Defendant Hotels.Com, LP (hereinafter "Hotels.com") is a foreign Limited Partnership registered in the State of Missouri which may be served through its registered agent National Registered Agents, Inc., 120 South Central Avenue, Clayton, Missouri 63105.

3. Defendant Hotwire Missouri, Inc. (hereinafter "Hotwire") is a foreign corporation registered in the State of Missouri which may be served through its registered agent National Registered Agents, Inc., 120 South Central Avenue, Clayton, Missouri 63105.

4. Plaintiff was employed as the Supervisor Expedia Virtual Card Recovery (EVC) for the Defendant.

5. Plaintiff did an excellent job throughout her tenure as an employee of the Defendant.

6. Plaintiff received no/zero written reprimands, counseling or writing alleging any failure of performance of the duties of her position.

7. Plaintiff was subjected to discrimination by Defendants in that she was denied a promotion due to her pregnancy and sex/gender.

8. In or around January 2019, Plaintiff applied for an internally posted position of Manager I Financial Operations.

9. Plaintiff was qualified for the internal position of defendants based on her knowledge, experience, education and performance.

10. Plaintiff had successfully performed the components of the position for an extended period as an employee of Defendant.

11. Plaintiff's fourth interview was in person with Mr. Sean Otto. At the time of this fourth interview, plaintiff was seven months pregnant and plaintiff's pregnancy became a topic of discussion.

12. Mr. Otto was the person who made the decision of whether plaintiff would be hired for the position of Manager I Financial Operations for which Plaintiff applied for.

13. Plaintiff was not offered the position.

14. Ms. Uhse was an agent of defendants at the time of plaintiff's seeking of the promotion to Manager I Financial Operations.

15. Ms. Uhse told plaintiff that she was the frontrunner candidate for the Manager I Financial Operations position.

16. Ms. Uhse told plaintiff that due to Plaintiff's timing of maternity leave Defendant would not be able to offer her the position.

17. Ms. Uhse told Plaintiff that they "think I'm ready for it and am great".

18. Plaintiff was encouraged to look apply in the future and reassured Plaintiff that she would be successful.

19. Plaintiff's pregnancy/gender was the motivating factor to the decision not to hire Plaintiff for the position of Manager I Financial Operations.

## COUNT I – DISCRIMINATION/SEX

**COMES NOW** Plaintiff and for Count I, states:

20. Incorporate herein the General Allegations.

21. Plaintiff was an 'employee' within the meaning of § 213 RSMo *et seq*

22. Defendant is an 'employer' within the meaning of § 213 RSMo *et seq*.

23. With respect to the unlawful employment practices, a Charge of Discrimination was filed with the Missouri Commission of Human Rights ('MCHR'). Attached hereto **Exhibit A** is a true and accurate copy of the Charge of Discrimination made part hereof by reference as to the facts set forth therein.

24. Said Charge of Discrimination was filed with the MCHR within 180 days of the most recent unlawful employment practices alleged, and more than 60 days prior to the commencement of this action.

25. With respect to the Charge of Discrimination, Plaintiff was issued a Right to Sue letter by the MCHR, informing her of her right to pursue independent legal action and this action is filed in a timely manner within 90 days of receipt of the Right to Sue. Attached hereto **Exhibit B** is a true and accurate copy of the Right to Sue.

26. Defendants engaged in unlawful employment practices, as set forth herein, against Plaintiff in violation of Chapter 213 RSMo., *et seq* in that Plaintiff was subject to a hostile environment of sex discrimination which Defendants were aware of and failed to stop or prevent.

27. On information and belief, Hotwire had knowledge, notice of and the opportunity to participate in the administrative process with the Missouri Commission of Human Rights as to the Charge of Discrimination in that:

    a. Hotwire had notice;

    b. Employees of both companies as well as employees of the parent company of Expedia Group share HR teams, physical office space, and benefits (medical, dental, vision, 401k, legal plans, pet insurance, etc.).

    c. When making any sort of inquiry or complaint with HR, there is a centralized ticketing system used for all employees which is the same for all employee groups mentioned above.

d. Taking a position with Hotwire did not reset my tenure in any way with the company (vacation package, travel reimbursement bonuses, milestone anniversary awards/celebrations, year-end bonus was based on full year performance across both Hotels.com and Hotwire).

e. Taking a position with Hotwire did not reset my tenure in any way with the company (vacation package, travel reimbursement bonuses, milestone anniversary awards/celebrations, year-end bonus was based on full year performance across both Hotels.com and Hotwire).

f. The position that was posted that led to the discrimination was a position that was only posted 'internally' and all employee groups mentioned above were eligible to apply and it was not open to any applicants outside the company.

g. Plaintiff reported the discrimination that occurred internally to Expedia Group and did so through the same channels that any employee group mentioned above had access to and would use.

h. Plaintiff attended the same 'all leadership' and 'town hall' meetings both as an employee of Hotwire and Hotels.com, the former being for all company people leaders located in Springfield, MO and the latter being for all Expedia Group employees (which encompasses employees paid out of multiple legal entities).

i. The same payroll and time recording system is used across all of Expedia Group.

j. Defendant's exchange and interchange use of employees for duties.

k. Defendants are completely intertwined and run in reality operate as one entity.

28. Defendants' actions, as set forth herein, were discriminatory, continuous, arbitrary and capricious and Defendants knew such actions were unlawful. The actions of Defendants were intentional, willful and calculated toward Plaintiff and constituted willful violations of Chapter 213 RSMo., *et seq.*

29. Plaintiff has been monetarily damaged by Defendants' unlawful practices in violation of Chapter 213 RSMo., *et seq.*, and has also suffered physical and mental pain, anguish and distress.

**WHEREFORE**, Plaintiff prays the Court:

A. Adjudge and decree that Defendants discriminated/sex against Plaintiff, and that said actions by Defendants were willful violations of the Act;

B. Order Defendants to make Plaintiff whole for the loss of income she has suffered as a result of Defendants' unlawful employment practices, including back pay from the time of the unlawful discrimination, wage increases and reimbursement of any lost fringe benefits, Social Security contributions, front pay, and all other monetary compensation, including prejudgment interest, for injuries and damages suffered by Plaintiff;

C. Award Plaintiff attorney's fees, costs and all other relief afforded under Chapter 213 RSMo., *et seq.*, and;

D. For all other relief the Court deems just and proper.

## COUNT I – DISCRIMINATION/PREGNANCY

**COMES NOW** Plaintiff and for Count II, states:

30. Incorporate herein the General Allegations.

31. Plaintiff was an 'employee' within the meaning of § 213 RSMo *et seq*

32. Defendant is an 'employer' within the meaning of § 213 RSMo *et seq.*

33. With respect to the unlawful employment practices, a Charge of Discrimination was filed with the Missouri Commission of Human Rights ('MCHR'). Attached hereto **Exhibit A** is a true and accurate copy of the Charge of Discrimination made part hereof by reference as to the facts set forth therein.

34. Said Charge of Discrimination was filed with the MCHR within 180 days of the most recent unlawful employment practices alleged, and more than 60 days prior to the commencement of this action.

35. With respect to the Charge of Discrimination, Plaintiff was issued a Right to Sue letter by the MCHR, informing her of her right to pursue independent legal action and this action is filed in a timely manner within 90 days of receipt of the Right to Sue. Attached hereto **Exhibit B** is a true and accurate copy of the Right to Sue.

36. Defendants engaged in unlawful employment practices, as set forth herein, against Plaintiff in violation of Chapter 213 RSMo., *et seq* in that Plaintiff was subject to a

Page | 7

hostile environment of sex discrimination which Defendants were aware of and failed to stop or prevent.

37. Defendants' actions, as set forth herein, were discriminatory, continuous, arbitrary and capricious and Defendants knew such actions were unlawful. The actions of Defendants were intentional, willful and calculated toward Plaintiff and constituted willful violations of Chapter 213 RSMo., *et seq.*

38. Plaintiff has been monetarily damaged by Defendants' unlawful practices in violation of Chapter 213 RSMo., *et seq.*, and has also suffered physical and mental pain, anguish and distress.

**WHEREFORE**, Plaintiff prays the Court:

- E. Adjudge and decree that Defendants discriminated/pregnancy against Plaintiff, and that said actions by Defendants were willful violations of the Act;
- F. Order Defendants to make Plaintiff whole for the loss of income she has suffered as a result of Defendants' unlawful employment practices, including back pay from the time of the unlawful discrimination, wage increases and reimbursement of any lost fringe benefits, Social Security contributions, front pay, and all other monetary compensation, including prejudgment interest, for injuries and damages suffered by Plaintiff;
- G. Award Plaintiff attorney's fees, costs and all other relief afforded under Chapter 213 RSMo., *et seq.*, and;
- H. For all other relief the Court deems just and proper.

/s/Jay Kirksey

_____
**Jerry M. (Jay) Kirksey**
Missouri Bar No. 38643
Attorney for Plaintiff

**KIRKSEY LAW FIRM, L.L.C.**
711 S. Albany Avenue
Bolivar, Missouri 65613-2619
Telephone 417.326.4529
Facsimile 417.326.8531
jmkirksey@kirkseylawfirm.com